IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LABORERS' COMBINED FUNDS OF WESTERN PENNSYLVANIA, as agent for Philip Ameris and Paul V. Scabilloni, trustees ad litem, Laborers' District Council of Western Pennsylvania Welfare and Pension Funds, Western Pennsylvania Heavy & Highway Construction Advanced Fund, and the Laborers' District Council of Western Pennsylvania and its affiliated local unions, <br><br>     Plaintiff, <br><br>  v. <br><br>PARKING LOT PAINTING COMPANY, LLC a/k/a PARKING LOT PAINTING a/k/a PLP CO.; and PJF CONTRACTING, LLC, <br><br>     Defendants. | Civil Action No. |

## COMPLAINT

  1. Jurisdiction of this action arises under §502 and §515 of the Employee Retirement Income Security Act of 1974, as amended ("**ERISA**"), 29 U.S.C. §1132 and §1145, §404(b) 29 U.S.C. §1104, §406 29 U.S.C. §1106, §409 29 U.S.C. §1109, and also under §301 of the Labor-Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. §185, in that Parking Lot Painting Company, LLC a/k/a Parking Lot Painting a/k/a PLP Company, LLC, and PJF Contracting, LLC have failed to pay wage deductions and fringe benefit contributions to Plaintiff in violation of a certain labor agreement entered into with a union affiliated with the Laborers' District Council of Western Pennsylvania (hereinafter "**Union**"), an employee organization.

  2. Plaintiff Laborers' Combined Funds of Western Pennsylvania (hereinafter "**Funds**"), is a Pennsylvania non-profit corporation which maintains its principal place of business at 12 Eighth Street, 3rd Floor, Pittsburgh, Pennsylvania 15219-5140.  Philip Ameris is an employee trustee and Chairman of the Boards of Trustees of the Laborers' District Council

of Western Pennsylvania Welfare and Pension Funds.  Paul V. Scabilloni is an employer trustee and Secretary of the Boards of Trustees of the Funds.

3. The trustees of the Funds, which are employee fringe benefit plans established and maintained within the meaning of ERISA, have designated Plaintiff Funds as their agent for the collection of contributions to the Funds on behalf of the trustees, participants, and beneficiaries of said Funds.

4. The Laborers' District Council of Western Pennsylvania in its own behalf and on behalf of its local affiliated unions and the Western Pennsylvania Heavy & Highway Construction Advanced Fund have designated Plaintiff Funds as their agent for the collection of monies required to be paid by employers to the Laborers' District Council Industry ("**Industry Fund**") and Dues Deduction Funds ("**Dues Fund**").

5. Defendant Parking Lot Painting Company, LLC a/k/a Parking Lot Painting a/k/a PLP Co. ("**Parking Lot Painting**") is a Pennsylvania limited liability company in the pavement marking business in Western Pennsylvania and surrounding areas, with its principal place of business at 2991 Industrial Boulevard, Bethel Park, Pennsylvania 15102.

6. Defendant PJF Contracting, LLC ("**PJF**") is also a Pennsylvania limited liability company in the pavement marking business in Western Pennsylvania and surrounding areas, with its principal place of business at 2991 Industrial Boulevard, Pennsylvania 15102.

7. Parking Lot Painting and PJF are collectively referred to herein as the "**PLP Companies**."

8. Based on information and belief, at all times material:

   a. Paul R. Gaudelli, Paul R. Gaudelli, Jr., Jared Gaudelli, Justin Gaudelli and Felicia Gaudelli Woessner (collectively referred to as the "**Gaudelli Family**") managed and controlled the day to day operations of the PLP Companies;

   b. The PLP Companies have centralized control of their labor relations through the Gaudelli Family's ownership and/or managerial control over these two entities; through their ability to set the wages and other terms

      and conditions of employment of all employees of the PLP Companies; through their coordination and control of labor relations through their common management; and through the interchangeability of workers at the PLP Companies; all of this resulting in a limitation on each PLP Company's ability to act independently with regard to labor relations;

c.     Both PLP Companies maintained their primary place of business at 2991 Industrial Boulevard, Bethel Park, Pennsylvania 15102-2535;

d.     The PLP Companies have used the same offices, telephones and facsimile machines;

e.     The PLP Companies have used the same office and clerical employees to handle all day-to-day accounting and office functions;

f.     The PLP Companies have utilized the same vehicles and/or other painting equipment irrespective of which company owned such equipment;

g.     The PLP Companies have utilized the same warehouse located at 2825 South Park Road, Bethel Park, Pennsylvania 15102 to store vehicles and/or other painting equipment irrespective of which company owned the warehouse.

h.     The PLP Companies have engaged in the same or substantially similar operations, including but not limited to pavement marking;

i.     The PLP Companies have utilized substantially the same or similar supplies, vehicles, tools and equipment, and have utilized the same buildings, same shop, and same core group of employees;

j.     The PLP Companies have held themselves out to vendors, vendees, owners, general contractors, employees and to the public as related business enterprises;

k.     The PLP Companies have employed substantially the same work force who performed the same or similar tasks under the similar working conditions on the premises of the PLP Companies and at various construction and other job sites;

l.     There has been an absence of separate identity of the PLP Companies' work forces, with most employees providing services to both PLP Companies;

      m.    The PLP Companies have employed common field personnel, all of whom performed laborers' work while employed by the PLP Companies; and

      n.    There transpired inter-company transactions among the PLP Companies that were not at "arms length;"

      o.    The PLP Companies did not comply with the appropriate corporate formalities;

      p.    Defendant PJF's corporate assets were co-mingled with the assets of Parking Lot Painting.

9.    The PLP Companies intentionally attempted to conceal from the Funds the fact that the Companies were interconnected and certain laborers' work was not reported to the Funds as required by such Agreement.

10.    Additionally, at all times material, Parking Lot Painting and the Gaudelli Family operated PJF as a non-union entity, and have directed work to such non-union entities by falsely characterizing such work as "non-union," rather than to Parking Lot Painting, so that it could avoid dealing with the Union and avoid paying amounts that it would otherwise have owed to the Funds pursuant to such Agreement.

11.    Based upon the foregoing, PJF is the alter ego of Parking Lot Painting.

12.    Based upon the foregoing, PJF and Parking Lot Painting are single employers.

13.    Based upon the foregoing, the PLP Companies are bound by a Labor Agreement with the Union that obligates such Companies to submit certain monthly payments to Plaintiff for pension, welfare, industry and dues for the benefit of all employees of the PLP Companies who perform covered laborers' work under such Agreement.

14.    Pursuant to the aforesaid Agreement and the provisions of ERISA, Plaintiff has the right to examine and audit the PLP Companies' books and payroll records of PJF to determine whether or not PJF has submitted reports with proper deductions, contributions, payments and remittances for all employees covered by the Agreement.

15.    In February 2019, Plaintiff conducted an audit of Parking Lot Painting.

16. However, Defendants have been unresponsive to Plaintiff's request for an audit of PJF.

17. In violation of the Agreement, the PLP Companies have failed to submit such reports, have unduly delayed an audit of Parking Lot Painting, and have totally refused to make available PJF's books and payroll records for an audit.  Plaintiff is unable to accurately determine what amounts are due under the Agreement without receipt of such reports and the performance of such an audit.

18. Pursuant to the Agreement, the applicable Fund trust agreements and the provisions of ERISA, the PLP Companies are also obligated to Plaintiff for all reasonable auditing and attorney's fees and other legal expenses incurred in securing said audit and in collecting any delinquencies determined to be owed by the PLP Companies as a result thereof.

19. Plaintiff is without an adequate remedy at law and will suffer immediate, continuing and irreparable injury and damage unless the PLP Companies are ordered to specifically perform under the federal statutes and the Agreement herein described and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, Plaintiff demands the following relief against Defendants:  A preliminary and/or permanent injunction enjoining Defendants from violating the terms of such Agreement and directing said Defendants to make immediate payments of all monies past due and timely payments of all monies to become due to Plaintiff Funds pursuant to said agreement, and enjoining Defendants from disposing of assets; and

    a. For the PLP Companies to be required to file complete reports with Plaintiff Funds covering all aspects of such Defendants' business operations through the present; and

    b. For Defendants to be required in compliance with said Agreement to present for inspection and/or copying all payroll, tax and other records pertaining to hours worked by Defendants' employees from January 1, 2015 to the present to enable Plaintiff Funds to verify the accuracy of the amounts paid and/or due and owing to the Plaintiff; and

c. For a money judgment in favor of Plaintiff and against Defendants in the sum of all amounts shown to be owed as a result of any audit performed by Plaintiff or report filed by Defendants; plus interest on the principal amount at the rate of one and one-quarter percent (1¼%) per month; liquidated damages/late charges at ten percent (10%) times the principal amount owed by Defendants; reasonable auditing fees and attorneys' fees equal to twenty percent (20%) of the total delinquency, but not less than One Thousand Dollars ($1,000.00); plus costs of suit; and

d. For the Court to retain jurisdiction of the case pending compliance with its orders; and

e. For such other and further relief as the Court may deem just.

TUCKER ARENSBERG, P.C.

*/s/ Neil J. Gregorio*
Jeffrey J. Leech, Esquire
PA I.D. #19814
jleech@tuckerlaw.com
Neil J. Gregorio, Esquire
PA I.D. #90859
ngregorio@tuckerlaw.com
1500 One PPG Place
Pittsburgh, PA  15222
Phone 412-566-1212
Fax 412-594-5619
Attorneys for Plaintiff, Laborers' Combined Funds of Western Pennsylvania

TADMS:5172365-1 - 000004-010359